**Sherman BICKHAM,
Plaintiff-Appellant,**

**v.**

**Joseph CANNON et al.,
Defendants-Appellees.**

No. 74–2021.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1975.

Decided May 19, 1975.

Kenneth N. Flaxman, Thomas R. Meites, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., and Robert E. Davy, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

SWYGERT and TONE, Circuit Judges, and GRANT, Senior District Judge.*

---

* Honorable Robert A. Grant of the Northern District of Indiana is sitting by designation.

SWYGERT, Circuit Judge.

Plaintiff Sherman Bickham brought this civil rights action against the warden and other officials of the Illinois State Penitentiary, Stateville Branch, where he is a prisoner. He challenges the validity of the "customary procedure" in that prison by which prisoners being held on the minimum security honor farm are immediately removed from the farm and held in administrative isolation pending a disciplinary hearing in all cases in which a violation report is filed charging unauthorized possession of personal property. He contends that such removal and isolation amounts to "prehearing punishment" and cannot be constitutionally justified absent a "good faith determination" that such a procedure is necessary. Bickham seeks declaratory and injunctive relief against the continued use of this procedure. He urges in its place some kind of *ad hoc* determination in each case as to the necessity of removal from the farm and isolation pending a hearing.

In Bickham's case a routine locker inspection disclosed that he had possession of a radio, two electric shavers, and a typewriter, all without proper authorization. The guard who made the inspection, and who is a defendant here, wrote out a violation report only after verifying that Bickham had no permits for these items. The report was filed on a Friday. Plaintiff was immediately removed from the farm and placed in administrative confinement. He was so confined until the following Monday when he was given a hearing before the disciplinary committee. The committee does not meet on Saturday or Sunday.

In the district court both parties moved for summary judgment. In affidavits and answers to interrogatories defendants offered three justifications for the practice of immediately removing all prisoners from the honor farm upon the filing of a report charging unauthorized possession of personal property: first, the threat of violence between the owner of the property and the unauthorized possessor; second, the increased risk of attempted escape which would be created by a pending charge against a prisoner remaining in the minimum security unit; and third, the effect upon other inmates in the honor unit of the continued presence of one charged with violating the trust implicit in the honor system.

 We agree with the district judge that defendants here have shown that legitimate needs of prison security justified the temporary segregation of this prisoner and others in the same circumstances. The justifications advanced for the immediate removal from the honor farm are eminently reasonable, and although it is alleged that administrative confinement is tantamount to solitary confinement, there is no allegation that the conditions of this confinement even remotely resemble those found in Thomas v. Pate, 493 F.2d 151 (7th Cir. 1974), and it is conceded that there is no practice of imposing "prolonged segregation" prior to disciplinary hearings so as to offend the rational of this circuit's decision in United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973). Prison officials must be allowed some leeway in reconciling the conflicting demands growing out of the legitimate interests in prison security and organization and the equally legitimate interests in affording due process protections commensurable with the realities of prison life. We consider a policy requiring immediate removal from a minimum security honor farm of any prisoner charged by a formal violation report with unauthorized possession of personal property pending a *prompt* hearing before the disciplinary committee to be constitutionally permissible notwithstanding the fact that prisoners so removed must spend a brief period in isolated confinement.

Affirmed.